UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND PROPERTY SERVICES GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER W5146124PNYH,<br><br>Defendant. | Civil Action No.:<br><br>Removed from:<br><br>Superior Court of the Commonwealth of Massachusetts County of Bristol<br><br>Case No. 2573CV00949A |

## NOTICE OF REMOVAL

**TO:   Clerk of the Court**
Office of the Clerk
United States District Court for the District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

**Michael H. Brady, Esq.**
**Thomas J. Alves, Esq.**
New England Property Services Group, LLC
1822 North Main Street
Second Floor Annex, Suite 001
Fall River, MA 02720
(401-419-1781)
*Attorneys for Plaintiff*

**PLEASE TAKE NOTICE** that under 28 U.S.C. §§ 1332(a), 1441(b) and 1446, Defendant Certain Underwriters at Lloyd's, London subscribing to policy number W5146124PNYH ("Underwriters"), by their undersigned attorneys, Robins Kaplan, LLP, hereby remove the above-captioned civil action, and all claims and causes of action

therein, from the Superior Court of the Commonwealth of Massachusetts, County of Bristol, 9 Court Street, Taunton, MA 02780, to the United States District Court for the District of Massachusetts. The grounds for removal are as follows:

    1.    Plaintiff New England Property Services Group, LLC, (hereinafter "NEPSG") commenced an action against Underwriters in the Superior Court of the Commonwealth of Massachusetts, County of Bristol, by filing a Complaint and Jury Demand ("Complaint") on November 26, 2025.

    2.    On or about December 1, 2025, Underwriters were served with a Summons and copy of the Complaint. A true and complete copy of the Complaint is attached hereto as Exhibit "A."

    3.    True and complete copies of all other process and pleadings filed in the Superior Court of the Commonwealth of Massachusetts, County of Bristol are attached hereto as Exhibit "B."

    4.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) and (a)(3). It may be removed to this Court by Underwriters under the provisions of 28 U.S.C. § 1441. It is a civil action between a Massachusetts citizen and a citizen of the United Kingdom. Further, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**Basis for Diversity Jurisdiction**

5.      NEPSG's Complaint[1] alleges that it "is a Massachusetts Limited Liability Company with a usual place of business at 1822 North Main Street, Second Floor Annex Suite #001, Fall River, Massachusetts." Complaint ("Compl.") at ¶ 1. Plaintiff is therefore a citizen of Massachusetts.

6.      Underwriters are organized and registered under the laws of the United Kingdom. For the 2024-2025 year of account (the relevant policy period), Underwriters comprise a single corporate member, Beazley Underwriting Limited, a private limited company incorporated in the United Kingdom. Underwriters are therefore a citizen of the United Kingdom.

7.      The proper naming convention for those underwriters subscribing to the Lloyd's-admitted participation on the policy issued to Christopher Rice (NEPSG's putative assignor) is "Certain Underwriters at Lloyd's, London subscribing to policy number W5146124PNYH". The sole subscribing underwriter on policy W5146124PNYH is Lloyd's Syndicate 3623, which is organized and registered under the laws of the United Kingdom. Lloyd's Syndicate 3623 comprises a single corporate member, Beazley Underwriting Limited, a private limited company incorporated in the United Kingdom with a principal place of business in the United Kingdom. Underwriters are therefore a foreign citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(3).

---

[1] Underwriters reserve all rights and defenses at law and equity to contest the allegations in the Complaint.

8. Although the First Circuit Court of Appeals has not squarely addressed the issue of diversity jurisdiction for Lloyd's admitted syndicates, most appellate courts have determined that all underwriters subscribing to an insurance policy executed through the Lloyd's marketplace must be diverse from the opposing party for a federal court to have diversity jurisdiction. *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314 (7th Cir. 1998) (holding every Name subscribing the policy must meet the complete diversity rule); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086-88 (11th Cir. 2010) (same). That approach has been adopted by the United States District Court for the District of Maine, *Bath Iron Works Corp. v. Certain Member Cos. Of Inst. of London Underwriters*, 870 F.Supp. 3, 6 (D. Me. 1994), which aligns with the majority view. *See generally* 13F Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 3630.1 (3d ed.).

9. When, as here, there is a single Lloyd's underwriter subscribing to the policy at issue (Lloyd's Syndicate 3623 is the sole subscribing underwriter to policy number W5146124PNYH), and that sole underwriter comprises a single foreign corporation (Beazley Underwriting Limited), that underwriter's citizenship controls the diversity jurisdiction analysis. *See, e.g., TIG Ins. Co. v. Lloyd's Syndicate Number 1861*, No. C06 0047 MJJ, 2006 WL 8460111, at *2-3 (N.D. Cal. Mar. 2, 2006) (holding a Lloyd's syndicate comprising a single U.K. corporation established diversity between a domestic plaintiff and the syndicate).

10. Further, "UK 'limited' companies are not treated as LLCs." *210 Brands Inc. v. Canterbury of N.Z. Ltd.*, No. 2:20-cv-06853-JWH-ASx, 2020 WL 7773892, at *4 (C.D. Cal. Dec. 29, 2020). Rather, courts have held "UK private limited companies are treated as

corporations for the purposes of diversity subject-matter jurisdiction." *Id*. at *8-9 (denying motion to remand because the "treatment of UK limited companies for diversity purposes … [were] adequately ple[d]") (*citing SHLD, LLC v. Hall*, No. 15 CIV. 6225 LLS, 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 20215)); *see also Banks v. Saba*, No. CV 21-10746-FDS, 2021 WL 4342098, at *9 (D. Mass. Sept. 23, 2021) (denying motion to remand because "both [foreign private limited companies] entities have foreign principal places of business and foreign directors, [meaning] alienage jurisdiction is met regardless of how [they] are characterized").

11. Accordingly, there is complete diversity of citizenship between the parties, thereby satisfying the diversity of citizenship requirement of 28 U.S.C. § 1332.

### Amount in Controversy

12. Diversity jurisdiction requires that the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

13. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014)). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Wilson*, No. 14-CV-04872-EDL, 2015 WL 13390023, at *2.

14. When a complaint does not specifically allege damages exceeding $75,000, federal courts must look to state law to determine the nature and extent of the right to be enforced in a diversity case. *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 43 (1st Cir. 2012).

When a plaintiff makes a claim under a statute including a damage multiplier, a court "must apply that factor in evaluating the amount in controversy." *Lucas v. Ultima Framingham LLC*, 973 F.Supp.2d 98, 101 (D. Mass. 2013) (quoting *Evans v. Yum Brands, Inc.*, 326 F.Supp.2d 214, 222 (D. N.H. 2004)).

15. NEPSG's lawsuit involves claims for insurance coverage for alleged property damage to a residential property located at 1 Masthead Lane in Dartmouth, Massachusetts (the "Property"). The Policy provides a "per occurrence" limit of $3,744,000.00, comprising several property coverages (i.e., Dwelling, Other Structures, Contents, and Loss of Use). *See* Compl. Ex. 1.

16. The Complaint alleges damage to the Property from a March 5, 2024 storm, including "roof and siding damage to several roof slopes with laminated and wood shingles, as well as interior water damage to the lower-level bathroom ceiling and wall, the kitchen, dining room, and other areas." Compl. ¶ 13.

17. The Complaint also alleges violations of M.G.L. c. 93A § 9/176D § 3(9) arising from Underwriters' alleged failure "to negotiate settlement or tender a reasonable settlement offer sufficient to restore the [Property] to its pre-loss condition," including "not being compensated for the true replacement cost of the damaged roof, siding and interior of the [Property]." Compl. ¶ 51, 57.

18. The Complaint seeks "[t]reble damages" under M.G.L. c. 93A § 9/176D § 3(9). Compl. (Demand for Judgment).

19. NEPSG further demands "pre- and post-judgment interest, costs, and reasonable attorney's fees." Compl. (Demand for Judgment).

20. Taken as a whole, the Policy's "Per Occurrence" limit of liability, the extent of the exterior and interior damages claimed to the Property, and the treble damages sought under M.G.L. c. 93A § 9/176D § 3(9), it is facially apparent that the cumulative damages sought by NEPSG exceed $75,000. Accordingly, because there is complete diversity and the amount in controversy exceeds $75,000, the requirements for diversity jurisdiction pursuant to 28 U.S.C. § 1332 are met.

## **Removal is Timely**

21. On November 26, 2025, NEPSG filed its Complaint with the Superior Court of the Commonwealth of Massachusetts, County of Bristol.

22. On or about December 1, 2025, NEPSG formally served a copy of the Complaint on Underwriters.

23. On December 16, 2025, with NEPSG's assent, Underwriters filed an "Assented-To Motion for Enlargement of Defendant's Time to Respond to Plaintiff's Complaint." The assented-to motion sought to enlarge Underwriters' time to respond to Plaintiff's Complaint to on or before January 21, 2026.

24. On December 18, 2025, the Honorable Susan E. Sullivan ALLOWED Underwriters' "Assented-To Motion for Enlargement of Defendant's Time to Respond to Plaintiff's Complaint."

25. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is filed within 30 days after receipt by Underwriters, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

26. Underwriters will promptly serve a copy of this Notice of Removal on counsel for NEPSG and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the Commonwealth of Massachusetts, County of Bristol, under 28 U.S.C. § 1446(d).

### State Court Pleadings

27. Under 28 U.S.C. § 1446(a), true and correct copies of the process, pleadings, and orders, as well as all additional records and proceedings in the underlying action in the Superior Court of the Commonwealth of Massachusetts, County of Bristol, accompany this Notice of Removal as Exhibits "A" and "B".

**WHEREFORE**, Underwriters, under 28 U.S.C. §§ 1332, 1441 and 1446, remove this action in its entirety from the Superior Court of the Commonwealth of Massachusetts, County of Bristol, to the United States District Court for the District of Massachusetts.

Dated: December 29, 2025

Respectfully submitted,

*/s/ Matthew P. Cardosi*
James A. Kitces, Esq. (BBO No. 568809)
Matthew P. Cardosi, Esq. (BBO No. 684537)
ROBINS KAPLAN LLP
800 Boylston Street, Suite 2500
Boston, Massachusetts 02199-7080
Telephone: (617) 267-2300
Facsimile: (617) 267-8288
jkitces@robinskaplan.com
mcardosi@robinskaplan.com

*Attorneys for Defendant Certain Underwriters at Lloyd's, London subscribing to policy number W5146124PNYH*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2025, I caused to be electronically filed the enclosed Notice of Removal and attached exhibits through the Court's CM/ECF filing system, and forwarded one copy of the Defendants' Notice of Removal, and attached exhibits, and Certificate of Service, via first class and electronic mail to the following counsel of record for Plaintiff:

> Michael H. Brady
> Thomas J. Alves
> Tanis Caine
> New England Property Services Group, LLC
> 1822 North Main Street
> Second Floor Annex, Suite 001
> Fall River, MA 02720
> michael@newenglandpropertyservicesgroup.com
> tom@newenglandpropertyservicesgroup.com
> tanis@newenglandpropertyservicesgroup.com
>
> *Attorneys for Plaintiff*